UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHEMICAL SOLVENTS, INC., | ) | Case No.: 1:19 CV 525 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| GREENWICH INSURANCE COMPANY, *et al.*, | ) ) ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case are three motions: Defendant Greenwich Insurance Company's ("Greenwich") Motion for Summary Judgment (ECF No. 93), Defendant Illinois National Insurance Company's ("Illinois National") Motion for Summary Judgment (ECF Nos. 96 and 97), and Plaintiff Chemical Solvents, Inc.'s ("Chemical Solvents") Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(d) (ECF No. 99). For the reasons that follow, the court grants Greenwich's Motion, grants Illinois National's Motion, and denies Chemical Solvents' Motion.

**I. BACKGROUND**

In February 2019, Chemical Solvents initiated this lawsuit against its insurers, Greenwich, Illinois National, and nominal-party Defendant Alembic, Inc. It brought claims for a declaratory

judgment (Count I), breach of the duty of good faith and fair dealing (Count II), and breach of contract (Count III). Thereafter, the court bifurcated the case, staying the proceedings as to Count II. (ECF No. 43.) The court then granted summary judgment to Greenwich and Illinois National on Counts I and III. (ECF No. 70.) On appeal, the Sixth Circuit affirmed. *Chem. Solvents, Inc. v. Greenwich Ins. Co.*, No. 22-3324, 2023 WL 179772 (6th Cir. Jan. 13, 2023).[1]

Instead of proceeding with discovery on Count II—which the court will call Chemical Solvents' bad-faith claim—the court permitted Greenwich and Illinois National to file dispositive motions. (ECF No. 86.) Greenwich and Illinois National subsequently moved for summary judgment on the bad-faith claim. (ECF Nos. 93, 96, and 97.) In response, Chemical Solvents requested discovery on that claim under Federal Rule of Civil Procedure 56(d) (ECF No. 99), prompting Greenwich and Illinois National to file replies (ECF Nos. 100 and 101). The matters are now ripe for adjudication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) governs summary judgment and provides:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

A party asserting there is no genuine dispute as to any material fact or that a fact is genuinely disputed must support the assertion by citing to particular parts of materials in the record, or showing that materials cited do not establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). In reviewing summary-judgment motions, the court must view the evidence in a light most

---

[1] The court's previous Orders, as well as the Sixth Circuit's opinion, sufficiently detail the facts of the case, so the court declines to re-summarize them here.

favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir. 1990). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of production to make a prima facie showing that it is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). If the moving party meets its burden of production, then the non-moving party is under an affirmative duty to point out specific facts in the record which create a genuine issue of material fact. *Zinn v. United States*, 885 F. Supp. 2d 866, 871 (N.D. Ohio 2012) (citing *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992)). The non-movant must show "more than a scintilla of evidence to overcome summary judgment;" it is not enough to show that there is slight doubt as to material facts. *Zinn*, 885 F. Supp. 2d at 871 (quoting *Fulson*, 801 F. Supp. at 4). Moreover, the court has no "duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)).

### III. LAW AND ANALYSIS

In *Marginian v. Allstate Ins. Co.*, 481 N.E.2d 600 (Ohio 1985), the Supreme Court of Ohio held that "where a contract of insurance provides that the insurer may, as it deems appropriate, settle any claim or action brought against its insured, a cause of action alleging a breach of the insurer's duty of good faith will not lie where the insurer has settled such claim within the monetary limits of the insured's policy." *Id.* at 603. Put differently, an insured's bad-faith claim against an insurer necessarily fails if two conditions are met: (1) the insurer has free rein

to settle a lawsuit on the insured's behalf, and (2) the insurer settles the insured's lawsuit within policy limits. To reiterate, if these conditions are met, the Supreme Court of Ohio has squarely held that insurers cannot face liability for breach of the duty of good faith. *Id.*

Here, Chemical Solvents concedes that these conditions are met. Thus, because Ohio law applies, *Marginian* plainly bars Chemical Solvents' bad-faith claim. And no amount of discovery could change that.

Chemical Solvents nevertheless resists this conclusion. It argues that because Ohio law recognizes bad-faith claims beyond the context of "an insurer's refusal to pay a claim," *Zaychek v. Nationwide Mut. Ins. Co.*, 2007-Ohio-3297, ¶ 11 (Ct. App.), *Marginian* is somehow circumscribed here. (ECF No. 99 at PageID #3028–33.) To be sure, the premise of Chemical Solvents' argument is true: "an insurer owes a duty of good faith to its insured in the processing, payment, satisfaction, and settlement of the insured's claims." *Tokles & Son v. Midwestern Indem. Co.*, 605 N.E.2d 936, 942 (1992). Bad-faith claims, in short, can take various forms. But this fact has no bearing on *Marginian*'s categorical rule, which, by its plain terms, precludes bad-faith claims under certain circumstances—circumstances that are indisputably present here.

*Brit Insurance Holdings N.V. v. Krantz*, 2012 WL 28342, (N.D. Ohio Jan. 5, 2012), does not alter this analysis. There, the insurers "effectively refused" the insured's claim by "merely front[ing] the funds for settlement." *Id.* at *6. After doing so, they reversed course, "tak[ing] the position that there was no coverage under the [insurance policy]" and suing the insured to recover the settlement funds that they had provided. *Id.* On these allegations, the district court allowed the insured's bad-faith claim to proceed to discovery. *Id.*

As it relates to *Marginian*, *Brit* can be reconciled in one of two ways. First, one might

-4-

consider *Marginian*'s "settled within policy limits" condition not to have been met, because the insurers' lawsuit sought to annul their settlement payment. On this view, *Brit* hardly resembles the situation here; Chemical Solvents acknowledges that Greenwich and Illinois National covered the underlying settlement, and it fails to allege a scheme to undo that payment. Second, one might regard *Brit* as creating an exception to *Marginian*. But *Brit* did not even address *Marginian*, and regardless, such an exception could not be justified. After all, in applying Ohio law, "the court must follow the controlling decisions of the Ohio Supreme Court." *Henry v. Wausau Bus. Ins. Co.*, 351 F.3d 710, 713 (6th Cir. 2003). Thus, because the *Marginian* rule is phrased categorically, the court must construe it as such.[2]

Finally, Chemical Solvents stresses that its bad-faith claim encompasses Greenwich and Illinois National's "handling of the at-issue claim from start-to-finish," not just their settlement of the underlying lawsuit. (ECF No. 99 at PageID #3023.) But even if that could get Chemical Solvents around *Marginian*, the reality is that its bad-faith claim *is* premised almost entirely on the settlement. To wit, Chemical Solvents pleaded the claim as follows:

> Greenwich and Illinois National acted without reasonable justification by, among other things, settling a highly defensible claim over their insured's objections, refusing to negotiate a settlement separately on Chemical Solvents' behalf, arbitrarily allocating the settlement 50/50 between Chemical Solvents and SAL despite their materially different positions in the Underlying Lawsuit, refusing to adequately communicate with Chemical Solvents at various critical junctures before and after the Underlying Settlement, and by invoicing Alembic without providing any notice to Chemical Solvents in an effort to effectuate their attempted end run around Chemical Solvents' "all

---

[2] *See also Vintilla v. Safeco Ins. Co.*, 417 F. Supp. 2d 922, 925 (N.D. Ohio 2006) ("This Court has found no cases . . . holding that an insurance company that investigates and settles a claim against its insured within the insured's policy limits will be found to have acted in bad faith.").

sums" rights under Ohio law.

(Compl. ¶ 78, ECF No. 1-1.)

In this paragraph, Chemical Solvents alleges five specific ways in which Greenwich and Illinois National acted in bad faith. Four of them pertain to the settlement, including that its insurers arbitrarily allocated the settlement between it and SAL, its co-defendant in the underlying action, whom Chemical Solvents viewed as being more culpable. This was ostensibly for the benefit of an affiliate of Illinois National, which allegedly insured SAC. These allegations only further confirm *Marginian*'s applicability, as the insurers had full authority to settle the suit, and the resulting settlement was within policy limits. Moreover, to the extent that the claim is based on the insurers' "invoicing Alembic without providing any notice to Chemical Solvents," Chemical Solvents cites no caselaw suggesting that merely billing a group captive insurer for reimbursement could give rise to bad-faith liability. Nor could it. *See Chem. Solvents, Inc. v. Greenwich Ins. Co.*, No. 22-3324, 2023 WL 179772, at *2 (6th Cir. Jan. 13, 2023) ("But no Ohio caselaw indicates that equity favors the insured's financial interests over equitable contribution.").

In sum, the Supreme Court of Ohio has spoken directly to the issue before the court. It explained, nearly four decades ago, that insurers cannot face bad-faith liability in circumstances such as these. Because the court must follow that command, Greenwich and Illinois National are entitled to summary judgment. Likewise, Chemical Solvents is not entitled to discovery on its bad-faith claim under Federal Rule of Civil Procedure 56(d).

### IV. CONCLUSION

For the foregoing reasons, the court grants Greenwich's Motion for Summary Judgment (ECF No. 93); grants Illinois National's Motion for Summary Judgment (ECF Nos. 96 and 97); and denies

Chemical Solvents's Motion for Relief Pursuant to Federal Rule of Civil Procedure 56(d) (ECF No. 99).

    IT IS SO ORDERED.

                                              */s/ SOLOMON OLIVER, JR.*
                                              UNITED STATES DISTRICT JUDGE

March 22, 2024